
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY W. NEUFELD, Jr., an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WINCO HOLDINGS, INC., DBA Winco Foods, an Idaho corporation,<br><br>Defendant-Appellee. | No.   16-15578<br><br>D.C. No.<br>1:14-cv-01505-DAD-JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted October 13, 2017
San Francisco, California

Before:  TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[**] District Judge.

Appellant Jerry Neufeld, Jr. worked as a cashier at a grocery store operated

by Appellee WinCo Holdings, Inc.  Neufeld suffered from anxiety, and his

condition prevented him from coming to work on a regular and predictable basis.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

WinCo ultimately terminated his employment because he missed several days of work and failed to submit a doctor's note confirming that those absences were caused by his anxiety.[1]  Neufeld then brought this action in which he alleges that both his termination and WinCo's conduct preceding the termination violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, and California common law.

The district court held that Neufeld could not prevail on his FEHA claims because regular and predictable attendance was an essential function of his job, and he could not perform that function with or without a reasonable accommodation. The court further held that Neufeld's common law claim for wrongful termination failed because it was derivative of his FEHA claims.  We agree and affirm the district court's judgment.

The FEHA provides that "[i]t is an unlawful employment practice, unless based upon a bona fide occupational qualification . . . [f]or an employer . . . because of mental disability . . . to discharge [a] person from employment . . . ." Cal. Gov't Code § 12940(a).  However, the FEHA "does not prohibit an employer from . . . discharging an employee with a physical or mental disability . . . where the employee, because of his or her physical or mental disability, is unable to

---

[1] This termination was in accordance with WinCo's progressive discipline policy.

perform his or her essential duties even with reasonable accommodations . . . ." *Id.* § 12940(a)(1). To state a "prima facie case of disability discrimination under FEHA," an employee must "show he or she (1) suffered from a disability, (2) was otherwise qualified to do his or her job, and (3) was subjected to adverse employment action because of the disability." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015) (citation omitted).

The second element of the prima facie case is at issue in this appeal. To satisfy that element – i.e., to demonstrate that he or she is a "qualified individual" – an employee must show that he or she "is able to perform the essential functions of his or her job, with or without reasonable accommodation." *Id.* "'Essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires.'" *Id.* at 373 (quoting Cal. Gov't Code § 12926(f)).

We agree with the district court that regular and predictable attendance was an essential function of Neufeld's employment as a WinCo cashier. Indeed, "[e]xcept in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform any of his job functions, essential or otherwise." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1239 (9th Cir. 2012) (citations and quotations omitted).

3

Neufeld could not perform his primary job function – operating a WinCo cash register – at home, and he has otherwise failed to establish that this is an "unusual case" in which regular and predictable attendance is not an essential job function.

Nor did Neufeld demonstrate that he could perform his cashier responsibilities with a reasonable accommodation. As the district court correctly held, Neufeld's proposed accommodations were not reasonable because they would have exempted him from one or more of the essential functions of his position.

Because Neufeld was not "otherwise qualified" to work as a WinCo cashier, WinCo was entitled to summary judgment on Neufeld's FEHA disability discrimination claim and his derivative common law claim for wrongful termination. Likewise, WinCo was entitled to summary judgment on Neufeld's remaining FEHA claims because he failed to show that he could perform the essential functions of his position with a reasonable accommodation. Accordingly, we **AFFIRM** the judgment of the district court in WinCo's favor.

*Neufeld, Jr. v. Winco Holdings, Inc.,* **16-15578**

LEITMAN, District Judge, dissenting:

I respectfully dissent. I believe that the correspondence from WinCo to Neufeld dated June 29, 2012, and February 13, 2013, created a material factual dispute as to whether Neufeld could perform the essential functions of his job as a cashier with a reasonable accommodation. I would vacate the judgment of the district court and remand for further proceedings.